W. H. McLeskey, Columbus, Albert A. Clark, Columbus, and King, Flynn & Frohman, Sandusky, for plaintiff.

Young & Young, Norwalk, for defendant.

## MUTUAL BENEFIT HEALTH & ACCIDENT ASSN v BOYLE

Ohio Appeals, 6th Dist, Huron Co

No 311.   Decided Oct 5, 1933

## OPINION

By RICHARDS, J.

The defendant contends that service of summons was duly made upon the state superintendent of insurance in his office at Columbus, but the service is denied by the plaintiff, which insists that no service of summons was made upon the superintendent of insurance and that if it had been made it was wholly unauthorized by law and without any effect. Evidence had been introduced bearing upon the question whether any service of summons was in fact made on the superintendent of insurance and that evidence is in very serious conflict. Passing the question of fact, we proceed first to discuss the question of the validity of such service, if it was in fact made.

The statutes of Ohio providing for the admission to the state of foreign mutual health and accident associations such as the plaintiff, are §§9452 et seq, GC. It is provided in §9453, GC, paragraph 8, as follows:

"As a condition precedent to transacting business in this state such corporation, company or association shall deposit with the superintendent of insurance the following:
* * *
(8) The appointment in writing of an attorney in this state upon whom service of process may be had."

The statute evidently contemplates the appointment of a private citizen to be selected by the company rather than the selection of a public official. If the statute had contemplated that the superintendent of insurance should be appointed, it would evidently have so declared, as has been done by statute in the case of fraternal benefit societies. As to fraternal benefit societies, §9478, GC, provides:

"that it shall, before being licensed, appoint in writing the superintendent of insurance and his successors in office to be its true and lawful attorney, upon whom all legal process in any action or proceeding against it shall be served."

In the absence of some such statutory provision which shall include insurance companies like this plaintiff, it is no concern of the superintendent of insurance how a plaintiff, in suing such company, shall serve summons or acquire jurisdiction. Besides, the section just cited requires that in case of such service upon the superintendent of insurance, when a fraternal society is sued, he shall forthwith forward by registered mail one of the duplicate copies served on him to the secretary of the society, and the evidence in this case shows that nothing of that kind was done.

Sec 9561, GC, requires a company such as this plaintiff to file with the superintendent of insurance a written instrument authorizing any of its agents in Ohio to acknowledge service of process thereon for and in behalf of the company and consenting that service of process upon any agent shall be as valid as if served upon the company. This statute was complied with by the plaintiff company filing a proper instrument with the superintendent of insurance in October, 1920, whereby it consented to service of process upon any of its agents within the state of Ohio. At the same time said formal written consent was filed, the company also filed with the superintendent of insurance another paper purporting to appoint W. H. Tomlinson, then superintendent of insurance, and his successors in office, its attorney on whom process could be served in any action brought against it in accordance with the laws of Ohio and providing that such service should be in accordance with such laws. In view of the fact that no authority then existed, or now exists, for making service upon the superintendent of insurance in an action brought against an insurance company like this plaintiff, this court regards the last instrument as of no validity or effect. It purports to authorize W. H. Tomlinson and his successors to receive service of summons in accordance with the laws of Ohio, and there being no laws of Ohio authorizing or empowering him or his successors to act in that capacity, the paper must be treated as a nullity. The attempted appointment of W. H. Tomlinson, then superintendent of insurance, and his successors in office, could be of no effect for the obvious reason that no authority was vested in him to receive service of summons, and if it be claimed that the instrument named him as an individual in his private capacity to receive service of summons, then such appointment of him as agent for that purpose could not include

any successor. The evidence shows that the superintendent of insurance, on whom service of summons is claimed to have been made, had no knowledge of the existence of this instrument until long after summons was attempted to be served upon him.

The Mutual Benefit Health & Accident Association, being a foreign corporation, may have been unaware of the extent of the powers of the superintendent of insurance and possibly filed the paper in October, 1920, to cover the situation if the statutes of Ohio should then or thereafter be such as to make it effective.

Having reached the conclusion that the attempted service of summons on the superintendent of insurance was of no validity, even if made, it becomes unnecessary to determine whether in fact such service was made.

The court having no jurisdiction over the person of the company, had no authority to render judgment and a decree will be entered in this action for the plaintiff enjoining the collection of the judgment.

Decree for plaintiff.

WILLIAMS and LLOYD, JJ, concur.